IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO LP,<br>　　　　Plaintiffs,<br>vs.<br><br>THERESA M. GROSS d/b/a/ TEES CHEAP TOBACCO,<br>　　　　Defendant. | No. 1:20-CV-00390-MAC-ZJH |

## REPORT AND RECOMMENDATION DENYING PLAINTIFFS' RULE-41 MOTION TO DISMISS

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned Magistrate Judge pursuant to a standing order. Pending before the court is Plaintiffs' *Motion for Entry of Order of Dismissal*. Doc. No. 16.

### I.　Discussion

On September 18, 2020, Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco LP (together, "Republic") filed their *Complaint for Injunctive Relief and Damages*. Doc. No. 1. In the complaint, Republic—trademark holders and distributors of certain tobacco rolling papers—alleged that *pro se* Defendant Theresa Gross, d/b/a Tees Cheap Tobacco, sold rolling papers to the public that resembled Republic's products' likeness. *Id*. On January 4, 2021, Gross filed her *Answer*, which denied that the papers were counterfeit because Gross allegedly purchased them from Republic's licensed wholesaler. Doc. No. 6. Her Answer contained the word "Counter-Claim" and alternatively asserted that, if the papers were indeed counterfeit, Republic "never put the word to the consumer." *Id*. at 1. According to Gross, if Republic had made that known, she allegedly might have not purchased the products. *Id*. at 2. Gross attached to her Answer a report stating that the rolling papers had counterfeit identifiers, improper markings, an incorrect spine

adhesive, a rough die cut window, a dull paper glue line, inaccurate colors, and an upside-down logo. *Id*. at 11. On December 20, 2021, Gross filed an affidavit swearing that she purchased the products in question from Republic's authorized vendor. Doc. No. 15.

After laboratory tests confirmed the products' authenticity, Republic filed the pending *Motion for Entry of Dismissal* under Federal Rule of Civil Procedure 41(a)(2) on January 17, 2022. Doc. No. 16. But on February 16, 2022, Gross filed her *Objection to the Motion for Entry of Dismissal* and asserted several counterclaims. Doc. No. 17. In Gross's mind, if the papers were indeed authentic Republic products—and if their quality was as poor as the investigator said it was—then she had viable claims for product liability, breach of the implied warranty of merchantability, and possibly defamation. Doc. No. 17 at 2-3. Gross also referred to her Answer as containing a counterclaim. *Id*. at 2. In response to Gross's objections, Republic filed its *Motion to Strike "Counter-Claim" from the Case Caption of the Answer [DE 6] and Defendant's Objection to Dismissal [DE 17]*. Doc. No. 27. On April 26, 2022, the undersigned denied Republic's motion because Gross's answer—liberally construed—contained counterclaims for product liability and breach of the implied warranty of merchantability. On May 3, 2022, the undersigned set new deadlines and named Gross as Counter-Plaintiff and Republic as Counter-Defendant. Doc. No. 32.

For the same reasons that the undersigned denied Republic's motion to strike, the undersigned recommends denying Republic's *Motion for Entry of Order of Dismissal*. Doc. No. 16. Because Gross has stated counterclaims, dismissal under Federal Rule of Civil Procedure 41(a)(2) is improper.

## II.     Recommendation

For the foregoing reasons, the undersigned recommends **DENYING** Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco LP's *Motion for Entry of Order of Dismissal*. Doc. No. 16.

## III.    Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 21st day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge