IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, LP,<br>　　　　Plaintiffs,<br>vs.<br><br>THERESA M. GROSS d/b/a/ TEES CHEAP TOBACCO,<br>　　　　Defendant. | No. 1:20-CV-00390-MAC-ZJH |

## REPORT AND RECOMMENDATION GRANTING PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS ACTION

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned for pretrial management. Doc. No. 7. Pending before the court is Plaintiffs/Counter-Defendants Republic Technologies (NA), LLC and Republic Tobacco LP's ("Republic") *Motion to Dismiss Action*, brought pursuant to Rule 41(a)(2). Doc. No. 62. Also pending is Defendant/Counter-Plaintiff Theresa M. Gross d/b/a Tees Cheap Tobacco's ("Gross") *Motion for Judgment*, which the undersigned will liberally construe as Gross's *Response to Republic's Motion to Dismiss Action*.[1] Doc. No. 63. Because there are no live claims pending by either party, the undersigned recommends granting Republic's instant *Motion to Dismiss Action*. Doc. No. 62.

### I.   Discussion

On September 18, 2020 Republic filed their complaint against Defendant/Counter-Plaintiff Theresa M. Gross d/b/a Tees Cheap Tobacco [hereinafter, "Gross"] for the alleged trademark infringement of Republic's JOB-branded cigarette rolling papers. Doc. No. 1. After Gross filed

---

[1] Because Gross is proceeding *pro se*, her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

an *Affidavit* (Doc. No. 15) with an attached purchase receipt for cigarette papers showing that she purchased the papers from a licensed wholesaler, Republic sent the cigarette papers to a laboratory in France, confirming that Gross's papers were authentic and not counterfeited. Doc. No. 16 at 1–2, ¶ 3. On January 17, 2022, Republic filed their *Motion for Entry of Order of Dismissal*, seeking to dismiss their claims against Gross under Rule 41(a)(2), and dismiss this action. Doc. No. 16. On April 26, 2022, the undersigned ruled that given a liberal construction, Gross had properly pleaded counterclaims in her *Answer*, and therefore denied Republic's *Motion for Entry of Order of Dismissal*, which the court adopted on August 16, 2022. Doc. Nos. 39, 47.

On September 14, 2022, Gross filed her *Amended Counterclaims for Injunctive Relief and Damages* ("Amended Counterclaims"). Doc. No. 50. On June 9, 2022, and September 28, 2022, Republic filed two separate *Motions to Dismiss*. Doc. Nos. 34, 52. On December 8, 2022, the undersigned issued a *Report and Recommendation* dismissing Republic's first *Motion to Dismiss* (Doc. No. 34) as moot, and granting Republic's second *Motion to Dismiss Amended Counterclaims* (Doc. No. 52). Doc. No. 57. On December 28, 2022, Gross filed her *Objection to Report and Recommendation*. Doc. No. 59. On January 11, 2023, Judge Crone overruled Gross's objections and adopted the undersigned's *Report and Recommendation*. Doc. No. 61. On January 18, 2023, Republic filed their instant *Motion to Dismiss Action*, brought pursuant to Rule 41(a)(2). Doc. No. 62.

Federal Rule of Civil Procedure 41(a) "permits the plaintiff voluntarily to dismiss the action when no other party will be prejudiced." *Cranford v. Morgan S. Inc.*, 333 F. App'x 852, 854 (5th Cir. 2009) (internal footnote, citation, and quotation marks omitted); *see also Robles v. Atl. Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003) (internal citation and quotation marks omitted) ("In this Circuit, motions for voluntary dismissal should be freely granted unless the non-

moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."). "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles*, 77 F. App'x at 276 (collecting cases); *Miller v. Christus St. Michael Health Sys.*, No. 5:17-CV-00130-RWA, 2019 WL 8301674, at *2 (E.D. Tex. July 10, 2019) (internal citation and quotation marks omitted) (defining legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument."). "Common instances of plain legal prejudice are when the movant seeks dismissal 'at a late stage of the pretrial proceedings, or seeks to avoid an imminent adverse ruling.'" *Wapp Tech Ltd. P'ship v. Wells Fargo Bank, N.A.*, No. 4:18-CV-00501, 2022 WL 107589, at *3 (E.D. Tex. Jan 11, 2022) (quoting *Bell v. Keystone RV Co.*, 628 F.3d 157, 162 (5th Cir. 2010)).

Rule 41(a)(2) states in pertinent part: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2). The decision to dismiss an action under Rule 41(a)(2) "rests within the sound discretion of the trial court." *Cranford*, 333 F. App'x at 854 (internal citation and quotation marks omitted). Further, "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice," which is "the harshest condition available to it." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 319–20 (5th Cir. 2002); *Wapp Tech*, 2022 WL 107589, at *3 ("Thus, dismissal with prejudice provides a non-movant the fullest protection permissible under the law.").

The present case presents no live claims between the parties. The court has dismissed all of Gross's counterclaims against Republic (Doc. Nos. 59, 61), and Republic does not wish to continue prosecuting its original claims against Gross. Doc. No. 62. Further, in her *Response*, Gross has failed to show how dismissal of the present action subjects her to any kind of "plain

3

legal prejudice" other than her desire to continue prosecuting claims that the court has already dismissed. Doc. No. 63. These arguments are unpersuasive, and this desire does not constitute prejudice. *See Robles*, 77 F. App'x at 276 (legal prejudice must result in "the non-movant to be stripped of an otherwise available defense.") (collecting cases).

Further, Gross has successfully defended Republic's claims brought against her in that she has showed that her cigarette papers are authentic. Doc. No. 15. Moreover, she has brought all relevant compulsory counterclaims against Republic that "arise[] out of the transaction or occurrence that is the subject matter of [Republic's] claim[s]." FED. R. CIV. P. 13; *see Hammervold v. Bank*, 3 F.4th 803, 810 (5th Cir. 2021) (res judicata bars compulsory counterclaims). Thus, Gross has not presented any argument to show that dismissal of this action will strip her of available defenses; in truth, she has already successfully defended the action brought against her, and had an opportunity to bring all relevant compulsory counterclaims against Republic. *Hammervold*, 3 F.4th at 810 (citing FED. R. CIV. P. 13(a)(1)(A) and TEX. R. CIV. P. 97(a)) ("Under both federal and Texas law, counterclaims are compulsory only if they arise from the same facts as the plaintiff's suit.").

Lastly, Republic has not stated whether it seeks dismissal with or without prejudice. Doc. No. 62. As granting a Rule 41(a)(2) motion to dismiss with prejudice is "the harshest condition available to [the court]," the undersigned believes dismissal without prejudice is in the parties' best interest. *Elbaor*, 279 F.3d at 319–20.

4

## II. **Recommendation**

For the foregoing reasons, the undersigned recommends granting Plaintiffs/Counter-Defendants Republic Technologies (NA), LLC and Republic Tobacco LP's *Motion to Dismiss Action* (Doc. No. 62). Accordingly, the court should dismiss this action without prejudice.

## III. **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge